12-3814-cv
*Piroscafo v. Metro North Commuter Railroad Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of December, two thousand thirteen.

PRESENT:
JOSÉ A. CABRANES,
ROBERT D. SACK,
GERARD E. LYNCH,
*Circuit Judges.*

---

DANIEL PIROSCAFO,

*Plaintiff-Appellant,*

v.                                                            No. 12-3814-cv

METRO-NORTH COMMUTER RAILROAD COMPANY,

*Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**        STEVEN L. KANTOR, The Kantor Law Firm, Williamsville, NY.

**FOR DEFENDANT-APPELLEE:**        ROBERT O. HICKEY (Beck S. Fineman *on the brief*), Ryan Ryan Deluca LLP, Stamford, CT.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that that the June 25, 2012 judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Chief Judge*) and its August 27, 2012 order are **AFFIRMED**.

Plaintiff-appellant Daniel Piroscafo ("Piroscafo") appeals from the August 27, 2012 Decision and Order of the District Court denying his motion for judgment as a matter of law under Rule 50(b), or alternatively for a new trial under Rule 59(a). We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

By Complaint dated November 19, 2008, Piroscafo brought this action pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*,[1] alleging that he had suffered injuries as a result of the negligence of Metro-North. Specifically, Piroscafo alleged that he had injured his foot while working as a conductor for Metro-North on February 23, 2008, when he stepped from the train onto an ice-covered station platform and slipped. Piroscafo's principal contention on appeal is that the District Court failed to acknowledge evidence showing that Metro-North should have known of the dangerous conditions that existed on the platform on the day of his injury.

"Rule 50 enables the district court to enter judgment as a matter of law against a party on an issue only if there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, and permits the district court to do so after a jury verdict, provided a pre-verdict motion is properly renewed." *Nadel v. Isaksson*, 321 F.3d 266, 271-72 (2d Cir. 2003) (internal quotation marks and citation omitted). We review the denial of a Rule 50(b) motion *de novo*, viewing the evidence in the light most favorable to the non-moving party. *See Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir. 2008). When considering the evidence associated with a Rule 50(b) motion, the trial court may not "weigh evidence, assess credibility, or substitute its opinion of the facts for that of the jury," *Vt. Plastics, Inc. v. Brine, Inc.*, 79 F.3d 272, 277 (2d Cir. 1996), and may grant the motion only when there is "either an utter lack of evidence supporting the verdict, so that the jury's findings could only have resulted from pure guess-work, or the evidence [is] so overwhelming that reasonable and fair-minded persons could only have reached the opposite result," *Doctor's Assocs., Inc. v. Weible*, 92 F.3d 108, 112 (2d Cir. 1996) (internal quotation marks omitted).

Under FELA, an employer has "a duty to provide its employees with a safe workplace," which it has breached "if it knew or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees." *Ulfik v. Metro-North Commuter R.R.*, 77 F.3d 54, 58 (2d Cir. 1996). With regard to Metro-North's knowledge of the icy

---

[1] FELA provides that any railroad engaging in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51.

conditions on the platform, Piroscafo brings the Court's attention to the testimony of the following two witnesses: (1) Michael Hopkins ("Hopkins"), an eyewitness who recounted the state of the platform leading up to Pirsoscafo's slip; and (2) Anthony Bottalico ("Bottalico"), a former Metro-North conductor and current union chairman, who stated that that Metro-North constantly monitors the weather in winter months, and that, under Metro-North policies, the track department is supposed to inspect the platforms prior to the commencement of service.

Upon a review of the record, however, we hold that the evidence presented at trial furnished a reasonable basis for a jury to find that Pirsocafo had not proven that Metro-North knew of the hazard. John Osmun, a Metro-North Track Department foreman, testified that he performed "snow duty" from 9:00 a.m. to 10:00 p.m. on the platform the day before the accident, and that, when he left, the snow had stopped and the platform was clear of ice. Because Hopkins did not arrive at the train station until shortly before 6:30 a.m. on February 23, 2008, his testimony did not concern the overnight weather conditions. And Bottalico did not testify that Metro-North monitored the weather at each particular station, but only described Metro-North as generally preoccupied with weather in the winter. Accordingly, there is no evidence that Metro-North had actual knowledge of the freezing temperatures or icy conditions at the station where Piroscafo fell.

There is a similar lack of evidence that Metro-North had constructive notice—*i.e.*, that it should have known—of the icy conditions. There is no evidence that Metro-North failed to appropriately track the weather, or that, had Metro-North tracked the weather, it would have anticipated freezing temperatures and precipitation on the platform. Similarly, there is no evidence suggesting that Metro-North should have known that the calcium chloride applied to the platform at 10:00 p.m. the night before the incident was inadequate to keep track platforms safe until the next crew arrived the following morning. Accordingly, a reasonable jury could have found that Metro-North exercised reasonable care, but was nonetheless unaware of the dangerous conditions on the platform when Pirsoscafo fell.

For similar reasons, we cannot hold that the District Court improperly denied Piroscafo's Rule 59 motion for a new trial. We review such denials for abuse of discretion. *See India.com, Inc. v. Dalal*, 412 F.3d 315, 320 (2d Cir. 2005); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion" as a ruling based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence, or . . . a decision that cannot be located within the range of permissible decisions." (internal quotation marks, citation, and alteration omitted)). Furthermore, "[a] motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997) (internal quotation marks and alterations omitted). For the reasons we have discussed, the District Court did not err in concluding that the jury's verdict was neither in error nor a miscarriage of justice.

3

## CONCLUSION

We have considered all of the plaintiff's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the June 25, 2012 judgment and August 27, 2012 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk